IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br>v.<br>**ADIL HIRAMANEK,**<br>Defendant. | Case No. 6:16-po-00345 MJS<br><br>**ORDER DENYING, WITHOUT PREJUDICE, DEFENDANT'S RENEWED MOTION FOR REMOTE APPEARANCE UNDER RULE 43**<br><br>**ORDER DENYING, WITHOUT PREJUDICE, REQUEST TO SEAL UNDER LOCAL RULE 141**<br><br>**(ECF Nos. 17, 22)** |

Defendant's February 17, 2017, renewed request to appear remotely at trial under Federal Rule of Criminal Procedure 43(b)(2) is before the Court as well as a request to seal documents presented by Defendant in support of his rule 43 request.

**I.    Procedural History**

On May 12, 2016, Defendant was given a citation for speeding under 36 C.F.R. § 4.21. On August 8, 2016, he filed a request to appear remotely at all court proceedings relating to the citation and his defense of it. On September 13, 2016, the Court denied the request without prejudice on the ground that it provided no justification for the request. (ECF Nos. 3-4.) On September 15, 2016, Defendant filed an amended request

1  which on September 30, 2016, the court granted insofar as to allow Defendant to appear
2  remotely at his initial appearance and other pretrial proceedings. (ECF No. 7.)

3  On February 17, 2017, Defendant filed a third request for remote appearance at
4  trial. The government filed an opposition and Defendant a reply.[1] In support of his
5  motion, Plaintiff filed a notice of request to seal documents under local Rule 141. (ECF
6  No. 22.) On February 24 and 27, 2017, Plaintiff provided heavily redacted copies of
7  documents to the Court's chambers in support of his Rule 43 request.

8  **II.     Request to Seal**

9  Providing the Court redacted copies of the documents he requested be sealed is
10 contrary to Court rules.  Under Local Rule 141, parties are required to provide the Court
11 clean copies of the documents covered by the sealing request. Local Rule 141(b). In this
12 case, Defendant has only provided redacted copies of the documents in question.
13 Without complete copies of the documents, the Court is unable to determine whether
14 they should be sealed (and, further, whether they support the request they were
15 tendered to justify, i.e., whether there may be good cause to allow Defendant to appear
16 remotely at trial).

17 Defendant proposes to provide documents indicating that he and a witness suffer
18 medical conditions that would make travel to Court to attend trial a hardship. The Court
19 appreciates that medical records can be sensitive and deserving of protection and will
20 not make any medical records provided by Defendant in support of his request to appear
21 remotely available to the Government or the public without further order of the Court.

22 Defendant has not provided the Court clean, un-redacted copies of the
23 documents or any documents which are in any way enlightening as to the ability or
24 inability of Defendant or his witness to appear remotely. Local Rule 141 requires parties

---

[1] Defendant's filings at times impugn the integrity not only of the Government Officer representing the United States, but also the Court. Defendant is welcome to present any facts he feels are relevant to the issues presented in this case including facts which he believes call into question the truthfulness of a representation made or which he perceives as reflecting an unfair action. He is cautioned, however, to refrain from comments which disparage or show contempt for the Court.  Such behavior is punishable by criminal contempt proceedings under 18 U.S.C. § 401.

to submit copies of the documents to be sealed via e-mail to the Judge's proposed orders box. This Court requires un-redacted copies so that it can determine if there may be good cause to seal the documents.[2]

Accordingly, Defendant is hereby ordered to provide the Court, by way of private e-mail, un-redacted copies of the relevant medical records. Upon receipt of un-redacted copies of documents, the Court will rule on the request to seal them and undertake to rule on the underlying motion for remote appearance under Rule 43.

**III.  Findings and Conclusion**

Plaintiff's requests for remote appearance at trial under Rule 43 and to seal documents are denied without prejudice.

Within seven (7) days of the date of issuance of this order, Defendant shall file a renewed request to seal documents and provide the Court, via e-mail to the Judge's proposed orders box, un-redacted copies of all medical documents he wants sealed and considered in connection with his Rule 43 application.

IT IS SO ORDERED.

Dated:   March 10, 2017              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant may, however, redact social security numbers, personal addresses and phone numbers and sensitive identifying financial information in a manner conforming with Fed. R. Crim. P. 49.1(a). All medical information must be un-redacted and available for the Court's review.