UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ADIL HIRAMANEK,<br><br>　　　　Defendant. | **Case No. 6:16-po-00345-MJS**<br><br>**ORDER DENYING DEFENDANT'S RENEWED MOTION FOR REMOTE APPEARANCE UNDER RULE 43**<br><br>**(ECF No. 17)**<br><br>**ORDER GRANTING DEFENDANT'S REQUEST TO SEAL UNDER LOCAL RULE 141**<br><br>**(ECF Nos. 22 & 28)** |

### I.　Procedural History

This matter arises out of speeding citation, No. 4708212, issued to Defendant Adil Hiramanek on Big Oak Flat Road in Yosemite National Park on May 12, 2016. (ECF No. 1.) The citation asserts that Defendant was traveling at a speed of 57 miles per hour in a 35 mile per hour zone. (Id.) It advises Defendant that he must pay a forfeiture amount of $175.00, plus a $25.00 processing fee, or appear in Court. (Id.)

Defendant's Initial Appearance on the charge was scheduled for August 9, 2016, at 1:00 PM, in the United States District Court for the Eastern District of California, Yosemite Courthouse. (ECF No. 2.) However, on August 8, 2016, Defendant filed a "Rule 43 Waiver Request" asking to appear remotely for his initial appearance and all ensuing court events, primarily because, he asserted, his car was old and not

1

operational, the cost of traveling to Yosemite was disproportionately large compared to the forfeiture amount shown on the citation, and he was 55 years old and disabled. (ECF No. 3.) He sought the same relief for his witnesses, one of whom was 86 years old and disabled. (Id.) He noted that other Courts had granted him remote access.[1] (Id.)

Defendant did not appear at the August 9, 2016 hearing. It subsequently was rescheduled to November 15, 2016 in Yosemite. (ECF No. 10.)

On September 15, 2016, Defendant filed an amended motion seeking to waive his appearance pursuant to Rule 43. (ECF No. 5.) It appeared to be the same as the original request, except that it added another basis for the request, namely that Defendant was the sole caregiver for his 86 year old, severely disabled mother. (Id.) Also on September 15, 2016, Defendant requested an ADA accommodation to appear remotely based upon his "disability," which kept him from putting weight on his feet and required that he keep his feet elevated and iced. (ECF No. 6.)  The Court denied the request for ADA accommodation finding no good cause had been shown for an accommodation. (Id.)

On September 30, 2016, the Court denied Defendant's initial August 8, 2016 motion for a Rule 43 waiver, but granted his September 15, 2016 amended request insofar as Defendant was authorized, subject to further Court order, to appear at pretrial proceedings by telephone.  (ECF No. 7.)

Defendant appeared telephonically at the November 15, 2016 Initial Appearance, entered a plea of "Not Guilty," and requested discovery and a trial date; trial was set to begin January 25, 2017, in Yosemite. (ECF No. 10.) On stipulation of the parties, the trial date was continued first, and apparently because of an error by the Court, mistakenly, to March 1, 2017 (ECF No. 16), and then to April 26, 2017. (ECF No.  25.)

---

[1] This Court is not bound by rulings of other Courts in other cases, in other jurisdictions, involving other parties at other times, and perhaps based on different criteria and disabilities.  Defendant has been given an opportunity to submit evidence to this Court in support of his current request and that evidence will be evaluated in accordance with the law and procedure of this jurisdiction.

On February 17, 2017, Defendant filed a renewed request for the right to appear remotely at trial under Rule 43. (ECF No. 17.) His grounds remained essentially the same—he and all of his witnesses were disabled. (Id.) This time, he referred to supporting documents (ECF No. 22), which he requested be filed under seal. (Id.) The Government filed opposition to the motion on February 23, 2017. (ECF No. 18.)

On March 10, 2017, the Court denied the request for remote appearance, albeit without prejudice, and denied the request to seal documents because the documents Defendant requested be sealed were so very heavily redacted the Court could not evaluate their content for the purpose of passing judgment on either request. (ECF No. 27.) Defendant was given seven days to submit unredacted copies of the records. (Id.) He then filed another version of the documents on March 17, 2017, along with a "Revised Notice of Request to Seal Documents." (ECF No. 28.) Remarkably, the newly submitted documents contained redactions.

## II. Legal Standards

### A. Remote Appearance Pursuant to Rule 43(b)(2)

A defendant has a constitutional right to be present during all stages of his trial. Illinois v. Allen, 397 U.S. 337, 338 (1970). Rule 43 of the Federal Rules of Criminal Procedure incorporates this mandate, directing that a defendant "be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence." Fed. R. Crim. P. 43(a).

Defendants are "generally required to be present during all stages of the criminal process." United States v. Christopher, 700 F.2d 1253, 1261 (9th Cir. 1983). However, the Court has discretion "to permit defendants in misdemeanor cases to absent themselves and, if so, to determine in what types of misdemeanors and to what extent." Fed. R. Crim. P. 43 Advisory Committee's Note to 1944 Amendment. That the Court has the discretion to either require a defendant to be present or to permit his absence is clear: "Fed. R. Crim. P. 43[(b)(2)] states that the court *may* permit the defendant's

absence in trials for misdemeanors or petty offenses. The language of this statute is discretionary." United States v. Lange, 963 F.2d 380, 380 (9th Cir. 1992) (unpublished) (emphasis in original). In 2002, Rule 43(b)(2) was amended to "allow[] participation through video teleconference as an alternative to appearing in person" at an arraignment, plea, trial, or sentencing on a misdemeanor offense. Fed. R. Crim. P. 43 Advisory Committee Note to 2002 Amendment. However, "[t]he amendment does not require a court to adopt or use video teleconferencing." Id. Rather, like a waiver of appearance, the language used is discretionary: participation by video conference is permitted only with the defendant's written consent *and* the Court's permission. Fed. R. Crim. P. 43(b)(2).

    Other Circuits have recognized the district court's narrow discretion to permit a defendant to voluntarily absent himself from trial. The Fifth Circuit, for example, identified factors that should be considered in deciding whether to allow a defendant to appear remotely, including: "(1) the possibility and effect of postponing the trial, (2) the potential burden on the government, (3) the possible prejudice to other defendants, (4) the possible burden on jurors, (5) the jeopardy (if any) to government witnesses, (6) the possible effect on the court's calendar, (7) the length of the absence requested, and of course (8) the relative importance of the asserted reason for the particular defendant's absence." United States v. Meinster, 481 F. Supp. 1112, 1116 (S.D. Fla. 1979) (citing United States v. Benavides, 596 F.2d 137, 139-40 (5th Cir. 1979)). The Fourth Circuit has suggested trial courts exercising their discretion in a Rule 43 waiver determination should consider "whether a defendant must be present in order for the proceeding to be conducted efficiently and fairly." United States v. Gonzales-Flores, 701 F.3d 112, 119 (4th Cir. 2012). With regards to the use of teleconferencing in lieu of defendant's physical presence, that Circuit recognized that Rule 43 "reflects a firm judgment . . . that virtual reality is rarely a substitute for actual presence and that, even in an age of advancing technology, watching an event on the screen remains less than the complete equivalent of actually attending it." United States v. Lawrence, 248 F.3d 300, 304 (4th

Cir. 2001). Finally, the Second Circuit has held that a district court may permit a defendant to waive his appearance during a felony trial in the "unusual" circumstance where good cause is shown, such as the possibility of physical endangerment to the defendant. United States v. Cannatella, 597 F.2d 27, 27-8 (2d Cir. 1979).

The Ninth Circuit has not identified specific factors to be considered when deciding whether to allow a defendant to waive his appearance, noting only that "the language of the statute is discretionary." United States v. Lange, 963 F.2d at 380. However, practice commentary on Rule 43(b)(2) suggests that, in some districts comprising very large geographic areas, allowing a defendant to appear remotely may be acceptable where appearing in court would require considerable travel, "resulting in expense and hardship not commensurate with the gravity of the charge, if a minor infraction is involved and a small fine is eventually imposed." § 721 "Defendant's Right to Be Present," 3B Fed. Prac. & Proc. Crim. § 721 (4th ed.). The discretion to grant defendants permission to absent themselves, however, lies squarely with the Court. (Id.)

### B. Request to Seal

There exists a strong presumption in favor of permitting public access to court records. Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to seal a record must "articulate[ ] compelling reasons supported by factual findings" that outweigh the public's interest in disclosure. Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). The Court must then balance the competing interests of the public and the party who seeks to keep the records secret. Foltz, 331 F.3d at 1135. After considering these interests, if the Court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Kamakana, 447 F.3d at 1179 (citing Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995).

### III. The Evidence Submitted *In Camera*

As noted, the documents submitted by Defendant in support of his request to appear at trial remotely still have some material redacted. As to the medical records, the redactions appear to relate to the patient's medical record's number, date of birth, and payment plan, as well as the contact information for one of the medical providers. As to Defendant's court-related exhibits, the redactions appear to include the case numbers, the names of the other parties involved, and the reason for and nature of the accommodations sought during those proceedings. The Court will evaluate Defendant's motions based upon what it can discern from the medical records. It will refer to the Exhibit labels assigned by Defendant and referred to in his motion at ECF No. 28:

> Exhibit A appears to be a record of a May 4, 2016 visit to a medical clinic with attached medication instructions. It reflects a previous procedure, a diagnosis, and vitals taken that date.
>
> Exhibit B appears to be a record of a February 15, 2017 visit to the same clinic. It contains multiple "Current Active Problems."
>
> Exhibit C is an undated drawing Defendant attributes to a physician. It includes what appears to be Defendant's interpretation of why the drawing was made, what it shows, and when it as made.[2]
>
> Exhibit D is an undated medical practitioner's card with a podiatry diagnosis and, apparently, a recommendation for mechanical podiatric supportive devices.
>
> Exhibit E is a letter from a physician treating another individual, apparently Defendant's witness and/or mother.[3]
>
> Exhibit G is email correspondence from the Superior Court of California, Alameda County, regarding Defendant's request for ADA accommodations.
>
> Exhibit K is a March 17, 2017 letter addressed "to Whom it May Concern" from a medical doctor. It relates to the condition in Exhibit D and indicates the presence of a "painful condition" that prevents "extended periods" of standing or walking. It encourages remote conduct of business "[w]henever possible . . ."

---

[2] Defendant is not a medical professional and is therefore not qualified to opine on the medical significance of the cardiologist's drawing. See Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) ("medical diagnoses are beyond the competence of lay witnesses.") To the extent Defendant intends for the drawing to prove the existence of a serious medical need, the Court cannot reach such a conclusion based on the evidence provided.

[3] She is not a party nor required by the Court to be present at any hearings. This exhibit is not relevant to the issue before the Court.

6

Exhibit L is a record of March 17, 2017 visit to the above-mentioned clinic. It contains the "Current Active Problems" listed in Exhibit B as well as additional medical concerns.

Exhibit M is drugstore prescription report for an elbow brace and other items.

Heavily redacted Exhibits F, G, H, I, and J relate to requests for and the apparent granting of some accommodation by other Courts. For the reasons stated in Footnote 1 above, they are not relevant to these proceedings

## IV. Analysis

### A. Rule 43 Request

Firstly, Defendant extends his request to appear remotely to his witnesses, who are too infirm to travel.

Rule 43 does not extend to a defendant's witnesses. The Court therefore will not address Defendant's request as to witnesses.[4]

Defendant's request to absent himself from trial is based on his numerous physical ailments. However, from what the Court can tell, there is nothing which suggests that Defendant suffers from any medical condition of such severity or productive of such symptoms as would render him unable to participate in trial of his case or otherwise face a substantial risk to his well-being should he so participate. While some of the diagnoses may reflect a serious condition or significant past procedure, diagnosis alone is insufficient to determine severity or limitations. No physician describes symptoms, observations or restrictions that would interfere with Defendant's participation in trial. None opine that he should not travel to or participate in trial. At most, it appears Defendant may experience some discomfort standing for long periods of time. Should that be the case, the Court is more than willing to accommodate Defendant as needed during trial, such as permitting Defendant to remain seated with his leg elevated as needed.

---

[4] Should Defendant believe one or more of these witnesses is essential to his case, but is too ill to appear in person, he may move to have his witnesses deposed pursuant to Federal Rule of Criminal Procedure 15. The Court retains discretion to grant or deny a motion to depose a witness in a criminal trial. Furlow v. United States, 644 F.2d 764, 767 (9th Cir. 1981).

Furthermore, the Court finds that the balance tips heavily in favor of requiring Defendant to participate in person at his trial. Unlike an initial appearance or pre-trial conference, a trial is more than a mere administrative proceeding—it is the judicial examination of the issues of facts and law pertinent to a case, and concludes with the Court issuing an ultimate determination of Defendant's guilt or innocence. During trial, the Government will present witness testimony and other evidence which Defendant will attempt to rebut through cross-examination. Defendant will then have the opportunity to present his own evidence, which the Government will attempt to rebut. As this case will turn on the relative credibility of the parties, the Court and parties must be able to not only hear each witness's testimony, but also observe his or her demeanor on the stand. The parties must also have the opportunity to examine exhibits unencumbered, present these exhibits to witnesses, make and argue their evidentiary objections, and otherwise fully engage in the proceedings. The interests of justice simply would not be served by allowing Defendant, who proceeds *pro se* and without a representative, to attend his trial remotely.

Additionally, conducting this trial over the phone is likely to be time-consuming, confusing, and inefficient. The Court points to Defendant's initial appearance, which was conducted telephonically, as an example of the problems associated with remote appearances. The phone connection was poor, Defendant spoke rapidly and was difficult to understand, and Defendant frequently spoke over the Court. A trial that otherwise might last a single day or less, could, if attempted telephonically, could easily extend out longer if the Court contends with lost phone connections and other technical difficulties, constantly has to have inaudible testimony repeated or clarified, and as parties try to deal with the logistical difficulties (near-impossibilit} of examining, cross-examining, and showing exhibits to an individual who is not physically present in the courtroom. Further, contrary to Defendant's contention, the Government has not consented to Defendant's remote appearance at this trial. (Gov't Opp'n (ECF No. 18) at

4, n. 1.) ("As evidenced in this filing, the Government is opposed to Defendant's Request.")

The Court also notes that, to the extent Defendant believes he must be afforded accommodations pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq., and § 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794, neither statute applies here. The plain language of Title II the ADA excludes the federal government from the reach of the statute. 42 U.S.C. § 12131(1) (defining a "public entity" as any state or local government, instrumentality thereof, or the National Railroad Passenger Corporation). Additionally, several courts have found that the ADA does not apply to the federal government. See, e.g., Mary Jo. C. v. N.Y. State & Local Ret. Sys., 707 F.3d 144, 170 n.11 (2d Cir. 2013) ("Title II of the ADA is not applicable to the federal government[.]" (citation and internal quotation marks omitted)); Henrickson v. Potter, 327 F.3d 444, 447 (5th Cir. 2003) ("[T]he entire federal government is excluded from the coverage of the ADA"). Similarly, the Rehabilitation Act does not apply to the federal courts; it covers only executive agencies, the United States Postal Service, and certain categories of programs and activities receiving Federal funding. See 29 U.S.C. § 794(a). Those programs and activities do not include the courts. See 29 U.S.C. § 794(b).

For the foregoing reasons, Defendant's request to participate in trial remotely will be denied.

**B. Sealing**

Under Local Rule 141(b), Defendant was required to provide the Court with clean copies of the documents he sought to have filed under seal. Notwithstanding Defendant's failure to comply with this requirement, Defendant's request that the documents submitted as Exhibits A through M be sealed is granted simply for the purpose of preserving the record of what was submitted and considered. Insofar as they are found not to justify the relief sought and do not seem to have any relevancy

whatsoever to the substantive issues in this case, no prejudice will result to the government in not having the opportunity to review them.

**V.     Conclusion and Order**

For the aforementioned reasons, IT IS HEREBY ORDERD THAT:

1. Defendant's request for remote appearance at trial under Rule 43 (ECF No. 17) is DENIED; and

2. Defendant's request to seal the exhibits referenced in ECF No. 28 is GRANTED.

IT IS SO ORDERED.

Dated:   April 5, 2017              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE