| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ADIL HIRAMANEK,<br><br>　　　　　　Defendant. | **Case No. 6:16-po-00345-MJS**<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING REMOTE APPEARANCE UNDER RULE 43**<br><br>**(ECF No. 30)** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

This case is set to begin trial on April 26, 2017 in the Yosemite Courthouse. (ECF No. 25.) On April 6, 2017, this Court issued an order denying Defendant's request to appear remotely for trial. (ECF No. 29.) The Court found that Defendant did not present sufficient evidence to support his claim that he was too disabled to travel to Yosemite National Park for trial.

Now before the Court is Defendant's April 17, 2017 Motion for Reconsideration due to "Manifest Failure to Consider Material Facts & Law & Fraud On This Court." (ECF No. 30.) The government has not responded, and the time to do so has not yet passed. However, the Court finds that Defendant's motion should be denied in its entirety. No Government's response is necessary.

1

Defendant argues the Court failed to consider the evidence he presented in support of his claim that he is too disabled to travel to trial. This is incorrect—the Court reviewed Defendant's documentary evidence and found nothing which suggested that Defendant suffered from any medical condition of such severity or productive of such symptoms as would render him unable to participate in trial of his case, or otherwise face a substantial risk to his well-being should he participate in person. Furthermore, the Court found that the interests of justice weighed heavily in favor of requiring Defendant to appear in person in light of the inherent complexities of trial and the fact that Defendant proceeds without counsel.

Defendant's arguments amount to no more than a restatement of his own interpretation of the evidence he submitted *in camera*. The difference between Defendant's interpretation of his supporting documents and the Court's interpretation is insufficient to substantively impact the Court's denial of Defendant's motion.

Defendant also asserts that the Court's "failure" to consider Defendant's evidence amounts to judicial corruption and fraud on the Court. He accuses the Court of imposing the personal appearance requirement in order to "extort" money from unsuspecting motorists in the Park, "blindly" adopting the Government's position, "parroting" the Government's "false" statement of the record, and allowing the Government to exploit its "inside connections" with the judges in this District. Defendant believes that the Court is "teaming up" with the Government to force Defendant to involuntarily plead guilty.

Defendant was previously warned to refrain from making statements impugning the integrity of the Court. (See ECF No. 27 at 2, n. 1.) To the extent he implies the Court is engaged in a plan or conspiracy to extort or coerce a benefit for the government, he has continued that which he was warned against. The Court believes the comments are sanctionable, but elects not to escalate the matter further. **This, however, is Defendant's final warning; any further statements disparaging the character of the Court or any of its officers will result in the referral of Defendant for criminal contempt proceedings under 18 U.S.C. § 401.**

Based on the foregoing, IT IS HEREBY ORDERED THAT Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: April 20, 2017        /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE