UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADIL HIRAMANEK,<br><br>Defendant. | **Case No. 6:16-po-00345-MJS**<br><br>**ORDER DENYING DEFENDANT'S:**<br>**(1) MOTION TO COMPEL DISCOVERY;**<br>**(2) MOTION TO DEPOSE WITNESSES PURSUANT TO RULE 15**<br>**(3) MOTION FOR A SUBPOENA**<br><br>**(ECF No. 21)** |
|---|---|

This matter arises out of speeding citation, No. 4708212, issued to Defendant Adil Hiramanek on Big Oak Flat Road in Yosemite National Park on May 12, 2016. (ECF No. 1.) The citation asserts that Defendant was traveling at a speed of 57 miles per hour in a 35 mile per hour zone. (Id.) Trial will be held April 26, 2017 in the Yosemite Courthouse. (ECF No. 25.)

Now before the Court is Defendant's February 24, 2017 Motion for Discovery. (ECF No. 21.) The Government filed an opposition. (ECF No. 26.) No reply was filed. The matter is submitted.

**I.     Relevant Procedural Background**

At Defendant's November 15, 2016 Initial Appearance, Defendant appeared telephonically and entered a plea of "Not Guilty." (ECF No. 10.) Defendant requested discovery and a trial date; the Court ordered reciprocal discovery, with the government to

1

provide its discovery to Defendant within two weeks of the Initial Appearance. Trial initially was scheduled for January 25, 2017, in Yosemite. (Id.) On stipulation of the parties and then because of an administrative error, trial was continued first to March 1, 2017 (ECF No. 16) and then to April 26, 2017. (ECF No. 25.)

On August 15 and 16, 2016, Defendant propounded two written discovery requests on the Government. (Decl. of A. Hiramanek (ECF No. 21-1) ¶ 1.1, Ex. D) On January 5, 2017, after Defendant inquired about the lack of responses to his discovery requests, the Government emailed a copy of its responses to Defendant. (Id. ¶ 1.1 n. 1.) The Government explained that the responses should have been emailed on November 30, 2016 (within the Court imposed two week deadline), but inadvertently had not been. (Id.)

Defendant believed many of the discovery responses he received were insufficient, and so he initiated correspondence with the Government's Legal Officer seeking to obtain more detailed responses. (See ECF No. 21-1 Exs. A-J.) Dissatisfied with the Government's replies to his inquiries, Defendant filed the instant motion. Therein, Defendant also asks to depose his 87 year old witness Roda Hiramanek and the Government's witness Marc Eckert pursuant to Rule 15. (ECF No. 21-1 ¶ 3) He also seeks the issuance of a subpoena pursuant to Rule 17. (Id. ¶ 4, ECF No. 21-2 Ex. B.)

**II.     Legal Standards**

    **A.     Rule 16 Motion to Compel**

Federal Rule of Civil Procedure 16 requires the Government to disclose, upon Defendant's request, any oral, written, or recorded statements made by Defendant in the course of his arrest or interrogation, as well as documents, data, reports, examinations, and other objects that are material to Defendant's preparation of his defense or that the Government intends to use in its case-in-chief. Fed. R. Crim. P. 16(a)(1)(A)-(F). If the Government fails to comply with this rule, the Court may order the Government to permit discovery or inspection, prohibit the Government from introducing the undisclosed evidence, or enter any other order the Court deems just under the circumstances. Fed.

R. Crim. P. 16(d).

The inquiry turns on materiality. In order to prevail on a motion to compel under Rule 16, a defendant must make a prima facie showing of materiality. United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." Id.

### B. Rule 15 Deposition

A party may move to have a prospective witness deposed in order to preserve his or her testimony for trial. Fed. R. Crim. P. 15(a). A Court may grant the motion only under exceptional circumstances where the interests of justice require it. Id. The party seeking to depose the prospective witness bears the burden of showing that exceptional circumstances exist. United States v. Omene, 143 F.3d 1167, 1170 (9th Cir. 1998). While Rule 15(a) does not require any conclusive showing of witness unavailability or materiality, Defendant must demonstrate that taking and preserving the witness's testimony prior to trial is in the interests of justice. United States v. Sines, 761 F.2d 1434, 1440 (9th Cir. 1985). Rule 15 depositions are not allowed merely for discovery purposes. United States v. Rich, 580 F.2d 929, 933-34 (9th Cir. 1978).

### C. Rule 17 Subpoenas

Federal Rule of Criminal Procedure 17 permits a party to move the court to issue a subpoena for "books, papers, documents, data, or other objects." Fed. R. Crim. P. 17(c)(1). In order to grant a subpoena in a criminal case, the court must be persuaded: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" United States v. Nixon, 418 U.S. 683, 699–700 (1974) (footnote

omitted).

**III.     Discussion**

Defendant seeks further responses to more than 80 discovery requests propounded on the Government. (ECF No. 21-1 Ex. D.) Defendant has failed to meet his burden of demonstrating materiality of the requests.

This case involves a simple speeding ticket. Defendant has made no showing how the information he seeks—such as records related to wind speed, radar beam angles, antennae positioning, traffic surveys over the past six years, etc.—are likely to have any relevance at trial. More importantly, the Government has stated quite clearly that it does not have such information. It cannot produce that which it does not have. Defendant's motion will be denied.

Defendant seeks to depose his 87 year old elderly witness. He does not, however, demonstrate that exceptional circumstances exist that would justify an order for such a deposition. Defendant has made no showing that any purported testimony from such a witness could be relevant, much less so essential to his defense that the interests of justice require her deposition be taken prior to trial. The Court is unable to envision how an 87 year old infirm passenger reasonably would be aware of information that could enlighten the Court as to whether or not Defendant was driving at, below, or above the posted speed limit. The deposition request will be denied without prejudice to Defendant's right to show at trial that such a deposition would likely be productive of admissible evidence.

Similarly, Defendant provides no justification for deposing a Government's witness prior to trial where the witness will be available for cross-examination at trial. See United States v. Fei Ye, 436 F.3d 1117, 1123-24 (9th Cir. 2006) (overturning District Court's grant of Defendant's motion to depose an adverse witness where the witness was available at trial, and where there was no case law to support the conclusion that Defendant could depose an adverse party under Rule 15.)

Finally, Defendant seeks subpoenas. (ECF No. 21-1, Ex. B.) Of what, he does not

say. This request will also be denied for failure to comply with Federal Rule of Criminal Procedure 17.

Defendant's repeatedly argues that the Government has intentionally skirted its discovery obligations in violation of Rule 16. He provides no evidence to support such claims. The Court thus has no grounds upon which to grant Defendant's request that the Government be precluded from introducing evidence at trial.

**IV.　Conclusion and Order**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel is DENIED;
2. Defendant's motion for depositions is DENIED; and
3. Defendant's motion for subpoenas is DENIED.

IT IS SO ORDERED.

Dated: ___April 21, 2017___　　　　　／s／ *Michael J. Seng*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE